UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>MARCUS ANTON,<br><br>    *Defendant*. | No. 3:17cr263 (MPS) |

**RULING ON MOTION FOR COMPASSIONATE RELEASE**

The defendant, Marcus Anton, who is serving a sentence of imprisonment at FCI Danbury, has filed a motion under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment and immediate release from custody due to the dangers posed by the COVID-19 virus. (ECF No. 944.) The government opposes the request. (ECF No. 947.) On June 22, 2020, the defendant filed a reply and additional medical records, which I have reviewed. For the reasons that follow, Mr. Anton's motion is denied.

On February 28, 2019, Mr. Anton was sentenced to 48 months of imprisonment for conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (ECF No. 732.) The defendant stipulated that the offense involved at least 60 but not less than 80 grams of heroin. In March 2019, Mr. Anton entered Bureau of Prisons' custody. He has served 15 months and his projected date of release is July 29, 2022.[1]

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

    [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all

---

[1] See the Federal Bureau of Prisons website, https://www.bop.gov/inmateloc/ (last visited June 18, 2020).

> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Before the First Step Act was enacted in 2018, this provision did not provide for the filing by the defendant of a motion with the Court, leaving the decision whether to file a motion seeking an order of "compassionate release" exclusively to the Director of the BOP. The First Step Act amended the statute to the text shown above. The Sentencing Commission, however, has not updated its policy statement applicable to Section 3582(c)(1)(A) to take account of the defendant's right, after exhausting remedies, to file a motion with the Court. *See* U.S.S.G. § 1B1.13. I therefore agree with several district courts that have addressed this issue and found that the provisions of U.S.S.G. § 1B1.13—though still providing useful guidance—are obsolete, and thus that the statutory language requiring that the sentence reduction be "consistent with applicable policy statements by the Sentencing Commission" is no longer operative. *See, e.g., United States v. Rodriguez*, 2020 WL 1627331 *4 (E.D. Pa. April 1, 2020).

Therefore, I may reduce Mr. Anton's term of imprisonment if (1) he has fully exhausted his administrative remedies or 30 days have passed from receipt of his request by the Warden, and (2) I find, after considering the Section 3553(a) factors, that "extraordinary and compelling reasons warrant" a reduction of his terms of imprisonment.

I have previously found the statutory exhaustion requirement to be mandatory and not excusable by the Court. *United States v. Nathaniel Smith*, 2020 WL 1903160 (D. Conn. Apr. 17,

2020). Mr. Anton submitted a copy of his petition dated April 4, 2020 to the warden for compassionate release due to his health concerns and the COVID-19 pandemic and the BOP's May 7, 2019 denial. (ECF No. 944-1 at 2-4.) Accordingly, Mr. Anton has exhausted his administrative remedies.

As to the merits of Mr. Anton's motion, however, I find that he has not shown that there exist "extraordinary and compelling reasons" to reduce his term of imprisonment and grant his release.

Mr. Anton, who is 36 years old, argues that he is especially vulnerable to COVID-19 because he suffers from hypertension, obesity, cellulitis, and ulcerative colitis. (ECF No. 994-3 at 1.) The Centers for Disease Control and Prevention ("CDC") has determined that individuals with certain underlying medical conditions are at a higher risk for serious illness or death from COVID-19.[2] Those individuals are people with chronic lung disease or moderate to severe asthma, serious heart conditions, severe obesity, diabetes, chronic kidney disease undergoing dialysis, liver disease, and people are immunocompromised. Mr. Anton does not suffer from any of these conditions.

Mr. Anton's medical records reflects that he suffers from hypertension, which is monitored and treated with medication. Although Mr. Anton's reply brief asserts that his hypertension is not well-controlled and points to fluctuating blood pressure readings between March and early June of this year, the medical records make clear that the BOP has been following his condition and treating it with a variety of medications. In any event, hypertension is not one of the categories identified by the CDC as a risk factor. Mr. Anton also points to his diagnosis of cellulitis. In May 2019, Mr. Anton was treated for an instance of cellulitis, which

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html

is a bacterial skin infection, in his leg. (ECF No. 945-1 at 8, 33.) He was prescribed a course of antibiotics to address the infection. There are no references to an active infection after May 28, 2019. As to ulcerative colitis, the only substantive reference is a September 5, 2019 medical record in which Mr. Anton stated that his "ulcerative colitis" was "acting up." (ECF No. 945-1 at 75.) The record indicates that Mr. Anton was not on any medication for this condition. In response to his complaint, possible diet changes were suggested. Finally, Mr. Anton also suffers from obesity – but not the severe obesity the CDC treats as a COVID-19 risk factor. (ECF 945-1 at 177.) His weight as of June 10, 2020 was 246.2 pounds. (ECF No. 950-1 at 21.) At 6 feet tall, his body mass index (BMI) is 33.4.[3] According to the CDC, individuals suffering from "severe obesity," defined as having a BMI of 40 or higher, are at high risk from COVID-19. Mr. Anton does not meet this threshold.

      Mr. Anton has not demonstrated that he is in the class of medically vulnerable inmates for whom the disease presents a palpable risk of death or serious harm. None of conditions Mr. Anton has identified have been linked by the CDC to diseases that place an individual at high risk of severe illness should that individual contract COVID-19.

      Further, consideration of the 3553(a) factors weighs against release in this case. The Court already weighed these factors when it imposed the original term of imprisonment just fifteen months ago. In the context of the present motion, the task is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020). I conclude that they are not.

---

[3] https://search.cdc.gov/search/?subset=topic&query=bmi calculator

Mr. Anton has an extensive criminal history that includes charges involving the sale of narcotics, burglary, larceny, and assault.  According to DOC records, Mr. Anton has spent approximately six years incarcerated between 2002 and 2018.  The offense leading to his current incarceration occurred in August 2017, while he was on probation imposed by the state court for an earlier conviction for the sale of narcotics.  PSR ¶ 62.  Despite earlier prison sentences, including one for the sale of narcotics imposed only a few years before his offense conduct in this case, and despite being on probation, he resumed criminal conduct, undeterred by the risk that he could be re-incarcerated as a result.  He did not alter his criminal conduct even after suffering a devastating injury in August 2017.  His criminal history suggests that he poses a serious risk of recidivism and future drug dealing and, contrary to assertions in his reply brief, the fact that he would be supervised by the Probation Office if released now does not adequately mitigate that risk.  These facts informed my thinking in 2019 when I imposed the sentence in this case, of which Mr. Anton has not served even half of the imprisonment term.  To release Mr. Anton at this time would be inconsistent with the § 3553(a) factors and, in particular, would not reflect the seriousness of the offense, promote respect for the law, or adequately protect the public from further crimes by him.[4]

Having carefully considered the record in this case, including Mr. Anton's medical records and the Presentence Report, and having applied the Section 3553(a) factors, I cannot find that there are extraordinary and compelling reasons warranting a reduction in Mr. Anton's term of imprisonment.  I therefore deny his motion for release (ECF No. 944).

---

[4] Further, Mr. Anton's time in prison has not been unblemished.  Although Mr. Anton maintains that he has been discipline free during his incarceration, (ECF No. 944-3 at 6), that is not the case.  (ECF No. 948.)  Mr. Anton was disciplined for possession of an unauthorized item and was expelled from the Residential Drug Abuse Program and Drug Abuse Education ("RDAP") program because of his conduct.  (ECF No. 948 at 1.)

IT IS SO ORDERED.

Dated: Hartford, Connecticut
       June 23, 2020

                                                    _____/s/_____
                                                  Michael P. Shea, U.S.D.J.