**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. MARCUS ANTON, *Defendant.* | No. 3:17cr263 (MPS) |

**NOTICE REGARDING JUNE 23, 2020 RULING ON SECTION 3582(C)(1)(A)**

On June 23, 2020, I denied Mr. Anton's motion under 18 U.S.C. Sec. 3582(c)(1)(A) to reduce his term of imprisonment. (ECF No. 952.) My ruling relied in part on the then-applicable guidance published by the U.S. Centers for Disease Control ("CDC") regarding the types of medical conditions that placed persons at increased risk for severe illness from COVID-19. On June 25, 2020, the CDC updated that guidance. The updates most relevant to Mr. Anton are that the CDC now views obesity with a body mass index of 30 or higher as a factor denoting increased risk, whereas it previously viewed only "severe obesity" with a body mass index of 40 or higher as such a factor. The last available information in Mr. Anton's medical records indicates that his BMI is 33.4; according to current CDC guidance, therefore, Anton's obesity places him in the high-risk category. In addition, the CDC's updated guidance now lists "hypertension or high blood pressure" as a possible risk factor, whereas it previously did not list this condition at all. As noted in my ruling, Mr. Anton suffers from hypertension. His medical records indicate that the BOP is monitoring his condition and treating it with medication. Although the CDC's updates suggest that the risk to Mr. Anton from COVID-19 is somewhat higher than what I described in the June 23 ruling, it does not cause me to alter my decision as to the proper outcome. As I explained in

my ruling, consideration of the Section 3553(a) factors defeated Anton's effort to show that there were "extraordinary and compelling reasons" justifying the requested reduction in the term of imprisonment.  Even after considering the updated CDC guidance, I reach the same conclusion, largely for the reasons articulated in my ruling.  The increased risk to Anton's health and safety still does not, when the Section 3553(a) factors are considered, move the needle far enough to meet the demanding standard of "extraordinary and compelling reasons."

    IT IS SO ORDERED.


Dated: Hartford, Connecticut
       June 29, 2020


                                                _____/s/_____
                                             Michael P. Shea, U.S.D.J.